UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KEVIN D. COBBS,**

    Plaintiff,

v.                                                                Case No: 5:17-cv-443-Oc-34PRL

**KATHLEEN M KENNEY, A. LEE
BENTLEY, III and UNITED STATES
ATTORNEY GENERAL**

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's motion to recuse the undersigned United States Magistrate Judge. *See* Docs. 16, 17. Plaintiff argues that the undersigned should be recused because he "is biased and prejudiced against prisoners and former prisoners seeking redress from the United States Government or seeking redress against employees of the United States. . ." Doc. 16 at 1.

The standard for recusal under 28 U.S.C § 455(a) is an objective one, requiring a court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Bolin v. Story*, 225 F. 3d 1234, 1239 (11th Cir. 2000). To satisfy the requirements of § 455(a) a party must offer facts, not merely allegations, that evidence partiality. *See United States v. Cerceda*, 188 F.3d 1291, 1292 (11th Cir. 1999) ("[a] charge of partiality must be supported by some factual basis ... recusal cannot be based on 'unsupported, irrational or highly tenuous speculation'"). A party should not be permitted to recuse a judge on unsupported, irrational or highly tenuous speculation. *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986.)

"[I]f this occurred the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." *Id.*

Plaintiff's motion (and supporting affidavit) is based upon conjecture, speculation, and his subjective disagreement with the Court's legal conclusions in other cases, rather than upon any facts that evidence impartiality by the undersigned. Disagreement with the Court's legal conclusions is not a basis for recusal. Further, the fact that the undersigned formerly served as an Assistant United States Attorney does not evidence partiality. Nor does the fact that the majority of the cases filed out of the Federal Correctional Complex in Coleman, Florida are assigned to the undersigned.

Therefore, because Plaintiff's motion fails to state sufficient grounds for recusal, Plaintiff has failed to demonstrate that any reasonable individual could entertain significant doubt about the impartiality of the undersigned. *See* 28 U.S.C § 455(a). Accordingly, Plaintiff's motion for recusal (Doc. 16) is **DENIED.**

**DONE** and **ORDERED** in Ocala, Florida on October 18, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties